UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ernest Stepp,

    Plaintiff,

v.

Estate of Cheryl Nye, *et al.*,

    Defendants.

Case No. 2:22-cv-3972

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Gary Nye ("Mr. Nye") seeks to intervene in this action. ECF No. 18. No party has timely opposed Mr. Nye's motion to intervene. Upon review of Mr. Nye's motion and proposed Complaint, the Court is concerned that it lacks subject-matter jurisdiction over Mr. Nye's claims. There is no independent jurisdictional basis for Mr. Nye's claims, as there is no complete diversity among the parties. *See* Proposed Compl. ¶¶ 1–4, ECF No. 18-1. Thus, the Court could hear Mr. Nye's claims only if it has supplemental jurisdiction over the same.

As a general rule, when a district court has original jurisdiction over an action, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). However, if a

court has only diversity jurisdiction over an action—as the Court does in this case—it does not have supplemental jurisdiction over, *inter alia*, "claims by persons . . . seeking to intervene as plaintiffs under Rule 24," if "exercising supplemental jurisdiction over such claims would be inconsistent" with the requirements of diversity jurisdiction. 28 U.S.C. § 1367(b).

As explained above, there is not complete diversity among the parties in Mr. Nye's proposed Complaint. *See* Proposed Compl. ¶¶ 1–4, ECF No. 18-1. So, if Mr. Nye is "seeking to intervene as plaintiff[] under Rule 24," exercising supplemental jurisdiction over his claims would be inconsistent with the requirements for diversity jurisdiction. 28 U.S.C. § 1367(b). In that case, the Court would lack jurisdiction over Mr. Nye's claims.

No party has addressed whether the Court would have jurisdiction over Mr. Nye's proposed claims and, if not, what the most appropriate next steps would be. Thus, the parties shall submit briefs addressing jurisdiction, not to exceed fifteen pages, according to the following schedule:

- Any party in favor of Mr. Nye's intervention shall file a brief by **April 3, 2023**.
- Any party opposing Mr. Nye's intervention shall file a response by **April 17, 2023**.
- Any reply shall be filed by **April 24, 2023**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**